PHILLIPS LAW OFFICE, PLLC
Roger B. Phillips, NH Bar No. 2018
roger@phillipslawoffice.com
104 Pleasant Street
Concord, NH 03301
Tel: 603.225-2767; Fax: 603.226.3581

BERGER & MONTAGUE, P.C.
E. Michelle Drake, MN Bar No. 0387366*
emdrake@bm.net
Joseph C. Hashmall, MN Bar No. 0392610*
jhashmall@bm.net
43 S.E. Main Street, Suite 505
Minneapolis, MN 55414
Tel: 612.594.5999; Fax: 612.584.4470
*pro hac vice admission forthcoming

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| JOSHUA FALLAW individually and as a representative of the Class,<br><br>Plaintiff,<br><br>v.<br><br>THE LANDLORD CONNECTION, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violations of 15 U.S.C. § 1681c(a)<br><br>(2) Violations of 15 U.S.C. § 1681e(b)<br><br>(3) Violations of 15 U.S.C. § 1681g<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Josh Fallaw ("Plaintiffs"), by and through his attorneys, and on behalf of himself and the Classes set forth below, bring the following class action Complaint against The Landlord Connection, Inc., ("LC" or

"Defendant") pursuant to the federal Fair Credit Reporting Act ("FCRA").

## INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–x. The FCRA imposes several important procedural requirements for credit reporting agencies ("CRAs"), like Defendant, that sell background checks and consumer reports.

2. Defendant is a CRA that sells reports to landlords, who use them to evaluate rental applications.

3. The reports Defendant sells to landlords, fall under the FCRA's umbrella, and impose upon Defendant multiple, easy-to-follow requirements when it provides such reports.

4. Defendant prepares its reports using a database of public records, address histories, and criminal records. Defendant compiles information from that database into consumer reports.

5. Plaintiff and other individuals have been denied housing based in whole or in part on the contents of Defendant's consumer reports.

6. Providers of consumer-background reports like Defendant must abide by specific mandates. For example, the FCRA limits the information that can be included in reports like the one Defendant produced regarding Plaintiff. Those reports may contain entries of criminal information that predate the report by more than seven years, but only criminal convictions. All other criminal history, such as arrests, dismissed charges, and expungements, must be excluded. 15 U.S.C. § 1681c(a).

7. In addition, the FCRA demands that CRAs employ reasonable procedures to ensure the maximum possible accuracy of the information they report. 15 U.S.C. § 1681e(b).

8. Defendant is informed of the necessary rigors FCRA compliance imposes, as there are numerous sources from which companies can obtain

guidance on the workings of the FCRA.

9. Defendant's failure to ensure that its reports are accurate is illustrated by the experiences of Plaintiff, whose report contained incomplete criminal records, inaccurate criminal records and duplicative criminal records.

10. Plaintiff also brings nationwide class claims against Defendant under 15 U.S.C. § 1681c(a) because it included in the reports dismissed criminal charges that predate the report by more than seven years. That information should have been excluded from Plaintiff's report.

11. Finally, Plaintiff brings nationwide class claims against Defendant under 15 U.S.C. § 1681g, because it fails to identify all sources of the information on its reports upon request. That Defendant refuses to provide consumers with that information makes it more difficult for consumers to ensure that information reported about them is accurate, and makes problems like the ones described above more likely to occur.

### **THE PARTIES**

12. Plaintiff Josh Fallaw is an adult resident of Concord, New Hampshire.

13. Defendant The Landlord Connection, Inc., is a New Hampshire corporation which lists its principal place of business in Merrimack, New Hampshire.

14. Defendant is a consumer reporting agency within the meaning of the FCRA: for monetary fees, it assembles information on consumers for the purpose of furnishing consumer reports to third parties, and it uses interstate commerce, including the Internet and phones, to prepare and furnish its reports.

### **JURISDICTION AND VENUE**

COMPLAINT, Case No.

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Both parties reside in this District.

## STATUTORY BACKGROUND

17. The FCRA was enacted to ensure that consumer reporting agencies report information in a manner that is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §§ 1681a, 1681b.

18. Among a number of substantive restrictions on what information may appear in a consumer report, the FCRA prohibits the reporting of arrest and other law enforcement records that predate the report by more than seven years, unless those records are a record of conviction. Specifically, a consumer reporting agency may not report:

> (2) Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period…[and]
>
> (5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a).

19. Additionally, 15 U.S.C. § 1681e(b) requires consumer reporting agencies to follow reasonable procedures to ensure the maximum possible accuracy of the information they report.

20. 15 U.S.C. § 1681g requires consumer reporting agencies to, upon request, provide consumers with a copy of their file and to disclose the sources of all information in that file.

## ALLEGATIONS RELATING TO PLAINTIFF

21. In February of 2017, Plaintiff was seeking housing a property owned by non-party Keating Realty, and therefore filled out a rental application.

22. Keating Realty, as part of its review of Plaintiff's application, purchased a consumer report regarding Plaintiff from Defendant.

23. Defendant produced such a report to Keating Realty on or about February 15, 2017. See Exhibit 1.

24. Defendant's report on Plaintiff included twenty separate items of criminal history regarding Plaintiff, taking up 3 of the report's four pages. Ex. 1, p 2-4.

25. The criminal history information Defendant included on Plaintiff's report was outdated, incomplete, inaccurate and duplicative.

26. First, several of the items listed on Defendant's report do not include the name of the charge, listing "OFFENSE UNKNOWN," "Unspecified Offense" or "out of county misdemeanor." Ex. 1, p 2-4, items number 4, 5, 12 and 18.

27. This failure to report charges was inaccurate, and in violation of 15 U.S.C. § 1681e(b).

28. Second, none of the twenty items of criminal information included on Defendant's report include dispositions. This misleadingly suggests that the individual was convicted of all the charges shown.

29. In fact, many of the criminal charges against Plaintiff were dismissed, but this is not reflected on Defendant's report.

30. Defendant's failure to report dispositions is inaccurate, and in violation of 15 U.S.C. § 1681e(b).

31. Third, many of the items on Defendant's report are duplicative of one another. For example, Plaintiff was only charged with one count of extortion, but Defendant reported that same count five times. Ex. 1, p. 2-3, items 6-10.

32. This duplicative reporting was inaccurate, and in violation of 15 U.S.C. § 1681e(b).

33. Finally, Defendant reported outdated non-convictions.

34. The extortion charge that Defendant reported five times, for example, was a charge from 2009 which was ultimately dismissed. Because it is a non-conviction and is older than seven years, its inclusion on the report violates 15 U.S.C. § 1681c(a).

35. On March 9, 2017, Plaintiff, through counsel, sent Defendant a request for his consumer file pursuant to 15 U.S.C. § 1681g. Ex. 2. This request specifically sought disclosure of all sources of the information included on Plaintiff's report. Id.

36. On March 13, 2017, Defendant responded to Plaintiff's request via fax. Ex. 3.

37. Defendant's response included a letter stating that "[w]e use TransUnion for all of our reports." Id. at 2. No other sources were identified.

38. Defendant's response also included the TransUnion report about Plaintiff that Defendant had obtained in the course of assembling its own report. Id at 8-13. The TransUnion report contains no criminal information, indicating that TransUnion is not the source of the criminal records in the report.

39. Defendant has failed to identify the source of the criminal information on its report, in violation of 15 U.S.C. § 1681g

## ALLEGATIONS RELATING TO DEFENDANT'S PRACTICES

40. Consumer reporting agencies are clearly permitted to report records of "convictions" beyond seven years. 15 U.S.C. § 1681c. But it is equally clear from the face of the same statutory provision that "arrests" and any "other adverse item of information" cannot be reported beyond seven years. *See* 15 U.S.C. §§ 1681c(a)(2) and 1681c(a)(5); *see also Avila v. NOW Health Grp., Inc.*, No. 14 C 1551, 2014 WL 3537825, at *3-*4 (N.D. Ill. July 17, 2014) (holding that the "express language of the FCRA" mandates that "a consumer reporting agency may not include any adverse item of information other than a 'record of conviction' not a 'record of dismissed charges'"); *Haley v. Talentwise, Inc.*, 9 F. Supp. 3d 1188, 1192 (W.D. Wash. 2014) (finding that under the "plain language" of the FCRA, a "dismissed charge from over seven years ago is both a 'record of arrest' and 'adverse' information that [a consumer reporting agency] is prohibited from including in [a] consumer report") (citing *Serrano v. Sterling Testing Syst.*, 557 F. Supp. 2d 688, 693 (E.D. Pa. 2008)); *Dunford v. Am. DataBank, LLC*, No. C 13-03829 WHA, 2014 WL 3956774, at *14 (N.D. Cal. Aug. 12, 2014) ("In light of the remedial purpose of the Act, this order now holds that only the actual convictions may be reported and stale dismissed counts must be combed out and go unreported."); *King v. Gen. Info. Servs., Inc.*, 903 F. Supp. 2d 303 (E.D. Pa. 2012) (FCRA's requirement excluding obsolete records of arrest comported with commercial speech doctrine); *Dowell v. Gen. Info. Servs., Inc.*, 13-CV-02581-L-BGS, Memorandum of the United States of America in Support of the Constitutionality of § 1681c of the Fair Credit Reporting Act, at 17 (S.D. Cal. Feb. 20, 2014) (stating that dismissed charges, even if associated with a conviction, may not be reported under the FCRA). Notwithstanding this clear statutory directive, Defendant routinely reports dismissed charges that antedate the report by more than seven years.

41. Defendant's practice of reporting dismissed charges older than seven years violates a fundamental protection afforded to consumers under the FCRA, are contrary to the unambiguous language of the statute, and are counter to longstanding judicial and regulatory guidance. *See, e.g.*, Exhibit D, excerpt from FTC, Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations, July 2011, at 55 ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection."); *Serrano*, 557 F. Supp. 2d at 688 (holding FCRA prohibits even alluding to existence of unreportable adverse information).

42. As part of the process of assembling consumer reports, Defendant utilizes a variety of algorithms and filters to aggregate and consolidate information from a variety of sources.

43. It is standard practice for consumer reporting agencies to write filters and algorithms "to filter out obsolete credit information." *See* www.naca.net/issues/credit-reporting-problems.

44. Defendant, consistent with standard industry practices, could have written an algorithm or filter to ensure that all of its reports would exclude non-conviction criminal dispositions older than seven years. See *In the Matter of General Information Services, Inc*, No. 2015-CFPB-0028, ¶ 26-27 (Oct. 29, 2015) (noting that a CRA "possess[ed] certain proprietary software that identifies discrepancies in data across multiple traditional criminal history reports. For example, this software could identify a record that was previously suppressed from a report because it had been dismissed or expunged and prevent it from appearing on a future report").

45. It is also standard in the consumer reporting industry for consumer reporting agencies to have a purge date for information in their

system that has become outdated. *See Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007). By failing to utilize a purge date for outdated information, Defendant's practices and procedures fall far below industry standards and constitute recklessness.

46. Defendant failed to implement these algorithms, in spite of the fact that it easily could have done so and that these types of algorithms are standard in the credit reporting industry.

47. Defendant also failed to have the report properly reviewed by an individual who was trained in the FCRA, and specifically, in the requirements of 15 U.S.C. § 1681c(a). Had Defendant had a properly trained individual review this report, this problem would have been easily detected.

48. Defendant has negligently and willfully violated 15 U.S.C. § 1681c(a) by routinely including all charges in the background reports it generates, even where those charges are more than seven years old and were dismissed or otherwise resolved in a way that did not result in a conviction.

49. As a result of Defendant's conduct, applicants, such as Plaintiff, appear to be worse candidates than they would be if Defendant only reported information it is allowed to report under the law.

50. Defendant is also required follow reasonable procedures to ensure maximum possible accuracy of its reports. 15 U.S.C. § 1681e(b).

51. In producing reports including criminal records without charges or dispositions, and rife with duplication, Defendant did not follow reasonable procedures to ensure maximum possible accuracy.

52. Defendant is also required to provide consumers with copies of their files upon request. 15 U.S.C. § 1681g.

53. In adopting a policy of never identifying its sources pursuant to 15 U.S.C. § 1681g, Defendant is flouting the law and thwarting the ability of

individuals of the ability to ensure that the information Defendant reports about them is accurate.

54. Defendant is aware of the FCRA, and its duty to comply. On its website, Defendant states that it "operate[s] within federal and state laws regarding consumer protection such as the Fair Credit Reporting Act (FCRA)." http://landlordconnection.com/about.html, last accessed March 28, 2017.

## CLASS ACTION ALLEGATIONS

55. Plaintiff asserts Court I on behalf of the Outdated Information Class defined as follows:

> All persons who were the subject of a background report prepared by Defendant and whose report contains one or more items of criminal information which are non-convictions, where such information antedates the report by more than seven years. The Class includes all individuals whose report was issued at any time dating from two years prior to the filing of this matter through the date of final judgment in this action.

56. Plaintiff asserts Court II on behalf of the Incomplete Records Class defined as follows:

> All persons who were the subject of a background report prepared by Defendant and whose report contains criminal information without identifying crime with which the person was charged. The Class includes all individuals whose report was issued at any time dating from two years prior to the filing of this matter through the date of final judgment in this action.

57. Plaintiff asserts Court III on behalf of the Dispositions Class defined as follows:

> All persons who were the subject of a background report prepared by Defendant and whose report contains criminal information without identifying the final disposition of the proceedings. The Class includes all individuals whose report

-10-

was issued at any time dating from two years prior to the filing of this matter through the date of final judgment in this action.

58. Plaintiff asserts Court IV on behalf of the Duplicative Records Class defined as follows:

> All persons who were the subject of a background report prepared by Defendant and whose report contains the same criminal charge listed more than once. The Class includes all individuals whose report was issued at any time dating from two years prior to the filing of this matter through the date of final judgment in this action.

59. Plaintiff asserts Court V on behalf of the 1681g Class defined as follows:

> All persons who have sent Defendant requests for their consumer report or their consumer file. The Class includes all individuals whose requests were made at any time dating from two years prior to the filing of this matter through the date of final judgment in this action.

60. The Classes satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

61. <u>Numerosity</u>: The Classes are so numerous that joinder of all class members is impracticable. Defendant is a company that has run thousands of consumer reports in the past two years. It is impracticable to personally join hundreds or thousands of individuals throughout the United States into a single proceeding.

62. The Class can be identified. Defendant maintains copies of consumer reports for at least two years after they are provided to end-users. The reports are maintained in text which can be electronically and/or manually searched to identify class members.

63. <u>Typicality</u>: Plaintiffs' claims are typical of the class members' claims. The FCRA violations committed by Defendant were committed

pursuant to uniform policies and procedures, and Defendant treated Plaintiff in the same manner as other class members in accordance with its standard policies and practices.

64. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Classes, and has retained counsel experienced in complex class action litigation. Counsel's biographies and experience are available at www.bergermontague.com.

65. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including without limitation:

(a) Whether Defendant is a consumer reporting agency subject to the requirements of the FCRA;

(b) Whether Defendant violated 15 U.S.C. § 1681e(b) by reporting criminal information without including dispositions;

(c) Whether Defendant violated 15 U.S.C. § 1681e(b) by reporting criminal information without including the name of the charge;

(d) Whether Defendant violated 15 U.S.C. § 1681e(b) by reporting criminal charges more than once;

(e) Whether Defendant violated 15 U.S.C. § 1681g by refusing to provide consumers with information regarding its sources;

(f) Whether Defendant violated the FCRA's prohibition on reporting dismissed charges that antedate the date the background report was prepared by more than seven years;

(g) Whether Defendant's conduct was willful under FCRA; and

(h) The appropriateness and proper measure of statutory damages.

66. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Classes, and because a

-12-

class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Classes on an individual basis. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

67. After a class has been certified, Plaintiffs will send notice to all members of the class by US Mail, in a manner which complies with Federal Rule 23(c)(2). The notice will be provided to this Court for review and approval before being disseminated to the class.

## COUNT I
### Violation of 15 U.S.C. § 1681c(a)
*On behalf of Plaintiff and the Outdated Information Class*

68. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

69. Defendant is a consumer reporting agency as defined by the FCRA, and the background reports it generates are subject to the restrictions set forth in 15 U.S.C. § 1681c(a).

70. Defendant routinely and systematically violated 15 U.S.C. § 1681c(a) by including dismissed charges that predate the report by more than seven years in its reports.

71. The foregoing violations were negligent and/or willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681c. Defendant's willful conduct is reflected by, inter alia, the following:

   a) The FCRA was enacted in 1970; Defendant has had decades to become compliant;

   b) Defendant is a corporation with access to legal advice. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

   c) Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, case law, and the plain language of the Act;

   d) Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

   e) Defendant's violations of the FCRA were repeated and systematic.

72. Plaintiffs and the Class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

73. Plaintiffs and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**COUNT II**
**15 U.S.C. § 1681e(b)**
*On Behalf of Plaintiff and the Incomplete Records Class*

74. Plaintiff incorporates the paragraphs above.

75. Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the criminal information it included in Defendant's reports, by failing to include the name of the criminal charge associated with the record at issue.

76. The foregoing violations were negligent.

77. The foregoing violations were willful.

78. Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681e(b). Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

   a. Defendant's report on Plaintiff was wrong on its face – it simply cannot be accurate that Plaintiff was charged with an "unknown offense";
   b. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;
   c. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;
   d. Defendant knew or had reason to know that Defendant's conduct violated the FCRA;
   e. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

79. Plaintiffs and the Class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

80. Plaintiffs and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT III
### 15 U.S.C. § 1681e(b)
*On Behalf of Plaintiff and the Dispositions Class*

81. Plaintiff incorporates the paragraphs above.

82. Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the criminal information it included in Defendant's reports to Checkr, by failing to include the disposition of the cases at issue.

83. The foregoing violations were negligent.

84. The foregoing violations were willful.

85. Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681e(b). Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

    a. Defendant's report on Plaintiff was incomplete on its face – the disposition is perhaps the single most important piece of information about a criminal case, and Defendant simply omitted it;

    b. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

    c. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

    d. Defendant knew or had reason to know that Defendant's conduct violated the FCRA;

  e. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

86. Plaintiffs and the Class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

87. Plaintiffs and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## **COUNT IV**
## **15 U.S.C. § 1681e(b)**
### *On Behalf of Plaintiff and the Duplicative Records Class*

88. Plaintiff incorporates the paragraphs above.

89. Defendant failed to comply with 15 U.S.C. § 1681e(b) by reporting the same charge more than once.

90. The foregoing violations were negligent.

91. The foregoing violations were willful.

92. Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681e(b). Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

  a. Defendant's report on Plaintiff was deceptive. By reporting a single dismissed charge five times, it make Plaintiff look like a seasoned criminal;
  b. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

    c. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;
    d. Defendant knew or had reason to know that Defendant's conduct violated the FCRA;
    e. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

93. Plaintiffs and the Class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

94. Plaintiffs and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### COUNT V
### 15 U.S.C. § 1681g
*On Behalf of Plaintiff and the 1681g Class*

95. Plaintiff incorporates the paragraphs above.

96. Defendant failed to disclose all of its sources, despite Plaintiffs valid request pursuant to § 1681g.

97. Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681g. Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

    a. Section 1681g is very simple – Defendant must identify its sources upon request. Defendant's failure to do so must be willful;
    b. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;
    c. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

      d. Defendant knew or had reason to know that Defendant's conduct violated the FCRA;

      e. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

98. Plaintiffs and the Class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

99. Plaintiffs and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

100. WHEREFORE, Plaintiffs, on behalf of themselves and the Classes, pray for relief as follows:

(a) Determining that this action may proceed as a class action under Fed. R. Civ. P. 23;

(b) Designating Plaintiffs as Class Representatives and designating Plaintiffs' counsel as counsel for the Classes;

(c) Issuing proper notice to the Classes at Defendant's expense;

(d) Declaring that Defendant violated the FCRA;

(e) Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

(f) Awarding statutory damages and punitive damages as provided by the FCRA;

(g) Awarding reasonable attorneys' fees and costs as provided by the FCRA;

(h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Classes demand a trial by jury.

Dated:  May 4, 2017

PHILLIPS LAW OFFICE, PLLC

By: */s/ Roger B. Phillips*
Roger B. Phillips
NH Bar No. 2018
104 Pleasant Street
Concord, NH 03301
Telephone:  (603) 225-2767
Facsimile:  (603) 226-3581
roger@phillipslawoffice.com

BERGER & MONTAGUE, P.C.
E. Michelle Drake
MN Bar No. 0387366*
Joseph C. Hashmall
MN Bar No. 0392610*
43 S.E. Main Street, Suite 505
Minneapolis, MN 55414
Telephone:  (612) 594-5999
Facsimile:  (612) 584-4470
emdrake@bm.net
jhashmall@bm.net
**pro hac vice admission forthcoming*

ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS